**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 8 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN HORSLEY, an individual, | No. 23-35127 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00217-BLW |
| v. | |
| WILLIAM WARDWELL, Individually and as Trustee of the Shirley Packer Trust, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted February 5, 2024[**]
Portland, Oregon

Before: MURGUIA, Chief Judge, and BRESS and KOH, Circuit Judges.

Norman Horsley, a beneficiary of the Shirley Packer Trust, appeals the

district court's order dismissing his suit against William Wardwell, a court-

appointed trustee. Horsley seeks a declaration voiding state court orders relating to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the administration of the Trust, and he alleges that Wardwell breached fiduciary duties in his capacities as a trustee and an attorney. The district court dismissed Horsley's claims as barred by the *Rooker-Feldman* doctrine[1] and claim preclusion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* a district court's dismissal under *Rooker-Feldman* and under claim preclusion. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021); *Save Bull Trout v. Williams*, 51 F.4th 1101, 1105–06 (9th Cir. 2022), *as amended*. We may affirm "on any ground raised below and fairly supported by the record." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013) (quotation marks omitted).

The district court correctly concluded that Horsley's claim for declaratory relief was barred by *Rooker-Feldman*. In his verified complaint, Horsley asks for a declaration that "all orders and judgments relating to substantive administration and determination of Trust dispute and issues be declared void and rescinded . . . ." But "[u]nder *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Benavidez*, 993 F.3d at 1142 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003)). Horsley's challenge to state court orders as legally erroneous—and his pursuit of a

---

[1] The doctrine's name derives from two cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

declaration voiding and rescinding them—is precisely the kind of appeal *Rooker-Feldman* prohibits.

Horsley also alleges two breach of fiduciary duty claims: one related to Wardwell's actions as trustee, and the other related to Wardwell's actions as an attorney. The district court concluded that the trustee-based claim was barred by *Rooker-Feldman*, and that the attorney-based claim was barred by claim preclusion. We conclude that *Rooker-Feldman* bars our consideration of both claims.

An October 2019 state court order states that "[a]ll potential claims by Beneficiaries have been fully arbitrated or released," and further provides that Wardwell "shall be fully and finally released and discharged as Trustee" and "shall be released and discharged from any and all liabilities arising in connection with the performance of [his] duties." A January 2020 order issued by the same state court provides that "Horsley is enjoined and restrained from filing, seeking, or pursuing (or any person or entity from assisting him) any arbitration against the Trustee of the Shirley Packer Trust."

Horsley has now brought in federal court trustee and attorney-based claims against Wardwell, but he asks that we direct those claims to arbitration after vacating the state court orders enjoining Horsley from pursuing further arbitration proceedings. Under these circumstances, Horsley's request for relief is premised

on unwinding the adverse state court decisions.  He is therefore effectively asking us to review and reject the state court decisions precluding him from pursuing arbitration, contrary to *Rooker-Feldman*.  *See Feldman*, 460 U.S. at 482 n.16. Because Horsley challenges those state court decisions as legally erroneous and seeks to bring claims barred by those decisions, his claims are squarely prohibited under *Rooker-Feldman*.

**AFFIRMED**.